Patricia Norris KING, individually and as representative of the estate of Bradford Steven King, deceased, Plaintiff,

v.

UNITED STATES FOREST SERVICE; Tahoe National Forest; State of California, County of Sierra; Does 1 through 100 inclusive, Defendants.

No. C–85–3670–WWS.

United States District Court, N.D. California.

May 30, 1986.

William E. Joost, Jr., Joost and Torres, San Francisco, Cal., for plaintiff.

Patrick A. Bupara, John F. Penrose, Asst. U.S. Attys., San Francisco, Cal., for defendants.

## ORDER

SCHWARZER, District Judge.

*Facts*

This is a wrongful death action under the Federal Tort Claims Act against the United States Forest Service. Plaintiff has dismissed all other defendants. On June 4, 1983, plaintiff's decedent drowned in the Yuba River while on a rafting expedition run by a rafting company called White Water West. White Water West operated under a permit issued by defendant in 1982. The terms of the permit required the permittee to submit an annual operating plan in which it stated its compliance with various insurance and safety requirements. The permit further specified the season and

time of day in which the permittee could operate. Within these parameters, dates and hours of operation were left to the permittee's discretion. Defendant did not undertake any responsibility to warn the public about river conditions, etc. Defendant's Forest Service Manual (FSM) sets out its regulatory policy toward permittees. The FSM lists the factors to be taken into account in granting permits. It does not specify any detailed day-to-day scrutiny by defendant of permittees.

Plaintiff's complaint contains three claims: failure of defendant to regulate properly, failure of defendant to warn plaintiff of the danger of rafting on the Yuba River when the waters were at an unusually high level, and fraud and deceit by defendant in representing this raft trip to be safe. Plaintiff claims that inspections by defendant of its permittee, as contemplated by the FSM, would have led defendant to restrict it from operating on days such as the date of the accident or to take various safety precautions. And plaintiff contends that defendant had a duty to warn of the danger of rafting on the Yuba River when the water was high.

Although plaintiff attempts to cast the first claim as a failure to follow defendant's own policy manual as to inspection, the claim really is a failure to regulate in a detailed manner. Plaintiff is contending that defendant should have regulated what days were safe for rafting during the season, what rapids should be traversed, and what procedures should be used for various rapids. Whether or not defendant carried out an inspection is irrelevant to this claim since defendant has already chosen not to regulate its permittees' day-to-day operations.

*Discussion*

The Supreme Court has recently defined the scope of the discretionary function exception under the Federal Tort Claims Act (28 U.S.C. § 2680(a)) (FTCA). "When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense* (Varig Airlines), 467 U.S. 797, 104 S.Ct. 2755, 2768, 81 L.Ed.2d 660 (1984). *Varig* involved claims for negligent inspection and negligent certification of an airplane that subsequently caught fire. The Court explained that the discretionary function exception exempts federal agencies from tort claims that grow out of their regulatory activities in order to avoid judicial second-guessing of agency policy-making.

Following *Varig*, the Ninth Circuit addressed the exception in *Begay v. United States*, 768 F.2d 1059 (9th Cir.1985). Plaintiffs in *Begay* were former uranium miners who sued the Public Health Service for failure to warn of the health hazards involved in their work after PHS had conducted health and safety tests. The court held that the exception precludes claims for failure to warn (where this is a result of agency choice), because the choice not to warn based on agency judgment of the best course of action to take is discretionary by its very nature. *Id.* at 1065.

1. *Plaintiff's Claim for Failure to Warn*

██ In the instant case, defendant made the policy decision to leave warnings and other public informational tasks to its permittee; it chose a discrete and background role in regulating rafting activities. Defendant's choice cannot expose it to FTCA liability under the rule of *Begay*. The caselaw is clear that this Court was not given the authority by the FTCA to tell agencies when they must play a public informational role in areas in which they regulate private conduct. Therefore, summary judgment is granted for defendant on this claim.

2. *Plaintiff's Claim for Failure to Regulate Properly*

██ Plaintiff does not claim that defendant violated any statute or regulation that required it to take any action. She claims that defendant did not regulate its permittee in a proper manner.

The FSM states that defendant must conduct regular inspections of permittees and

that inspection frequency will depend upon the character of the use and the conditions found at the last inspection. A minimum frequency objective of once a year is suggested. Thus, even the decision when to inspect is left to agency discretion, so that even if an actual failure to inspect were the basis for plaintiff's claim, it would not be actionable.

The FSM thus demonstrates that defendant did follow its own policy; nothing in the FSM supports plaintiff's claim. Rather, the claim is a backhanded way of attacking the policy itself. Plaintiff is asking the Court to go behind defendant's policy judgment and determine how permittees should have been regulated. Section 2680 forecloses such a claim. Accordingly, the Court grants summary judgment for defendant on plaintiff's second claim.

### 3. *Plaintiff's Third Claim*

Plaintiff's third claim is for fraud and deceit, alleging that defendant misrepresented that rafting was safe. Section 2680(h) provides that the FTCA shall not apply to any claim arising out of misrepresentation or deceit. *See City & County of San Francisco v. United States,* 615 F.2d 498, 504 (9th Cir.1980) (section includes claims of negligent misrepresentation); *Goodman v. United States,* 324 F.Supp. 167 (M.D.Fla.1971), *aff'd,* 455 F.2d 607 (5th Cir.1972). The United States has not waived sovereign immunity with respect to plaintiff's third claim; this claim must also be dismissed.

Accordingly, summary judgment is granted for defendant on all three claims.

IT IS SO ORDERED.